**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BASEL IDKEIDEK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:25-cv-02903-TLP-cgc |
| v. | ) | |
| | ) | |
| REEMA IDKEIDEK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEYS' FEES**

Petitioner Basel Idkeidek moves for attorneys' fees and costs against Respondent Reema Idkeidek.  (ECF No. 19.)  For the reasons below, the Court **GRANTS IN PART** Petitioner's motion.

**BACKGROUND**

This case involves a father, a mother, one of their children, and the Hague Convention. In September 2025, Petitioner filed a Verified Petition under the International Child Abduction Remedies Act ("ICARA").  (ECF No. 1.)  *See* 22 U.S.C. §§ 9001–11 (codifying Hague Convention).  He alleged—through his counsel Rogers & Brackin PLLC ("Rogers & Brackin")—that Respondent illegally removed their daughter from Israel and brought her to the United States.  (ECF No. 1.)  After a few court appearances, the parties agreed on conditions for the return of the child to her father's custody in Israel.  And so, the Court entered an Order memorializing the parties' terms and ordering the return of the child to Israel.  (ECF No. 17.)

1

After succeeding in securing the child's return, Petitioner moved for $16,158.66 in attorneys' fees, suit expenses, and costs under 422 U.S.C. § 9007.[1]  (ECF No. 19.)  He claimed $12,545.00 in attorneys' and paralegal's fees and $3,613.66 in expenses.  (*Id.* at PageID 502.)  For the reasons below, the Court **GRANTS IN PART** Petitioner's motion.

<u>**ANALYSIS**</u>

ICARA's fee-shifting provision controls here.  Because Petitioner prevailed, ICARA requires the Court to "order [] [R]espondent to pay necessary expenses incurred by or on behalf of [] [P]etitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child."  22 U.S.C. § 9007(b)(3) (emphasis added); *see Pliego v. Hayes*, 843 F.3d 226, 231 (6th Cir. 2016) ("As required under ICARA's fee-shifting provisions . . . the court held in a separate order that [the petitioner] was entitled to an award of $100,471.18 in attorneys' fees and costs.").  That is unless Respondent "establishes that such order would be clearly inappropriate."  22 U.S.C. § 9007(b)(3).

Below, the Court first addresses Petitioner's proposed attorneys' fees before turning to expenses.

**I.    Attorneys' Fees**

Well-settled principles guide the Court's analysis.  At its core, attorneys' fees must be reasonable.  *See, e.g.*, *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 562 (1986).  That standard requires the Court to strike a balance between awarding fees that are

---

[1] In totaling his requested fees and expenses, Petitioner listed Attorney Zant's fees as $3,187.50, when twice before in the Motion, he listed her fees as $3,687.50.  (*See* ECF No. 19 at PageID 134–36.)  The Court reads the lower value to be a typo, so the Court construes Petitioner's request for $15,658.66 as a request for $16,158.66.

"adequately compensatory to attract competent counsel" while avoiding a "windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).  To get to a reasonable award, federal courts use the "lodestar" method—multiplying the reasonable hourly rate by the reasonable number of hours expended on litigation. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation omitted).  The party seeking fees bears the burden to "establish[] entitlement to an award and document[] the appropriate hours expended and hourly rates."  *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  And after calculating the lodestar, a court may adjust the award based on the *Johnson* factors.[2]  Although a court retains discretion throughout this process, it "must provide a clear and concise explanation of its reasons for the fee award."  *Adcock-Ladd*, 227 F.3d at 349 (citation omitted).

Petitioner seeks $12,545.00 in attorneys' fees.  (ECF No. 75.)  He offers itemized billing statements in support, which reflect the work billed by the Rogers & Brackin attorneys and paralegal.  (ECF No. 19-3 at PageID 143–57.)  He also offers the supporting affidavit of Attorney Brackin, his lead attorney in the case.  (ECF No. 19-2.)  Her affidavit explains that she has practiced law since 2001 and only practices in domestic relations.  (*Id.* at PageID 141.)  But

---

[2] These factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock-Ladd*, 227 F.3d at 349 n.8.  That said, the Supreme Court "has limited the application of the *Johnson* factors, noting that 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'"  *Geier*, 372 F.3d at 792 (quoting *Hensley*, 461 U.S. at 434).

nothing in the record explains how long the two other attorneys have practiced law.  It is

Attorney Brackin's professional opinion that Rogers & Brackin's fees and services were

necessary and reasonable in this case.[3]  (*Id.* at PageID 142.)

Turn now to Petitioner's proposed hourly rates.  To arrive at a reasonable hourly rate, a

"district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar

association guidelines, and its own knowledge and experience in handling similar fee requests.'"

*Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821–22 (6th Cir. 2013) (*quoting Van Horn v.*

*Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).  Courts use the

prevailing market rate as a guideline, "defined as the rate that lawyers of comparable skill and

experience can reasonably expect to command within the venue of the court of record."  *Geier*,

372 F.3d at 791.  And courts will compensate parties for work accomplished by paralegals.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286–89 (1989).

The hourly rates that Petitioner proposes here are:

Attorney Brackin—1 hour at $350.00 and 18.25 hours at $370.00
Attorney Brown—$300.00
Attorney Zant—$250.00
Attorney Rogers—$370.00
Paralegal Bourbonais—$150.00

---

[3] Petitioner did not comply with Local Rule 54.1(b)(2), which requires a local attorney who is unrelated to the case to verify the reasonableness of the fee request.  (*See* ECF No. 19-2.)  In a recent case in the Court, Attorney Brackin did comply with the Local Rule by filing an affidavit from Lara Butler, a domestic relations attorney in Memphis, Tennessee.  (*Pacheco v. Martinez*, Case No. 24-cv-2638 (W.D. Tenn.), ECF No. 76.)  Attorney Butler opined that Rogers & Brackin's fees and expenses were reasonable.  (*Id.*)  For reasons unknown, Attorney Brackin did not include an affidavit here from a lawyer who is unrelated to the case.  And yet, Respondent did not object to the Motion for Attorneys' Fees.  Based on the affidavit from Lara Butler in July 2025 and based on the lack of an objection here, the Court accepts Attorney Brackin's affidavit as sufficient under the Local Rules.

(ECF No. 19 at PageID 133–36.)  Attorney Brackin states that these fees were reasonable and necessary under the factors in Tennessee Rule of Professional Conduct 1.5, which are similar to the *Johnson* factors.  (ECF No. 19-2 at PageID 142.)  The Court finds no reason to disagree.

Next the Court turns to Petitioner's proposed hours.  The party seeking an award must offer detailed documentation explaining the hours it billed.  *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008); *Fox v. Vice*, 563 U.S. 826, 838 (2011).  That said, "[a] request for attorney's fees should not result in a second major litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  *Fox*, 563 U.S. at 838.

Petitioner proposes an award here that accounts for 52.3 hours of work.  (ECF No. 19.)  Of those hours, Rogers & Brackin charged Petitioner only for 40.75 hours and discounted the bill by subtracting 11.55 hours they worked free of charge.  (*Id.* at PageID 133–36.)  Accounting for the discount, Petitioner breaks down the remaining charges.

> Attorney Brackin—19.25 hours
> Attorney Brown—2.75 hours
> Attorney Zant—14.75 hours
> Attorney Rogers—1.5
> Paralegal Bourbonais—2.5 hours

(*Id.*)

There are some time allotments that the Court finds excessive.  For example, on September 11, 2025, Attorney Zant emailed the State Department Respondent's "potential addresses."  (ECF No. 19-3 at PageID 149.)  Yet she billed 0.25 hours for that email.  (*Id.*)  And on September 24 and 25, 2025, Attorney Zant billed 0.25 hours each for two more emails.  (*Id.* at PageID 517.)  There, she asked Petitioner for a translation of an email from his attorney, twice.  (*Id.*)  The Court finds that these time allotments are excessive.

But Petitioner's counsel reduced the number of billable hours worked by 11.55 hours, worth $3,428.50.  (ECF No. 75 at PageID 539.)  That decrease is substantial, worth a little over twenty-one percent of the value of the total hours worked.  And the Court finds that the reduction cures any excessive billing.  This is especially true given the Court's own review of other billing entries.  These entries reflect necessary legal tasks—drafting the Verified Petition, gathering and organizing exhibits, and communicating with necessary parties.  (*See* ECF No. 19-3.)

With that said, the Court will not grant an award for the time Rogers & Brackin spent preparing the Motion for Attorneys' Fees.  To be exact, Attorney Zant billed 2.75 hours for $687.50.  (*Id.*at PageID 158.)  Those fees do not relate to the return of Petitioner's child.  *See* 22 U.S.C. §9007(b)(3).  And it would be unreasonable to require Respondent to pay this portion of the bill.  The Court therefore excludes those hours from Petitioner's attorneys' fee award.

After excluding those hours, Petitioner's attorneys' fees total $11,857.50.  And the Court finds that is reasonable because Rogers & Brackin successfully litigated Petitioner's case from the start through the negotiated return of the child to Israel.  The record shows that the schedule was compressed to address the important questions presented and the effort took substantial time and energy.

After determining the lodestar amount, a court may adjust the fee award while considering the twelve *Johnson* factors.  The Court keeps in mind, however, that the lodestar amount likely already accounts for most of these factors.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee.").  But the Court finds that no *Johnson* factor warrants an upward or downward adjustment here.  With that in mind, courts have awarded similar, and sometimes higher, fees under ICARA.  *See Abrego v. Guerra*, No. 23-2515, 2024 WL 5454649

(W.D. Tenn. Aug. 2, 2024) (granting $48,187.33 in attorneys' fees and costs); *Schaeffer v. Jackson-Schaeffer*, No. 1:17-cv-00147, 2018 WL 2075335 (E.D. Tenn. Apr. 16, 2018), *report and recommendation adopted*, No. 1:17-CV-147, 2018 WL 2074178 (E.D. Tenn. May 3, 2018) (recommending $73,242.30 in legal fees and litigation expenses); *Guevara v. Soto*, No. 3:15-cv-548, 2017 WL 401214 (E.D. Tenn. Jan. 30, 2017) (granting $50,312.47 in attorneys' fees); *Olson v. Olson*, No. 13-0138, 2014 WL 1278654, at *1, *3 (M.D. Tenn. Mar. 31, 2014) (reducing a $62,167.50 attorneys' fee request to $39,673.50); *Kufner v. Kufner*, No. C.A. 07-46S, 2007 WL 1521248, at *3 (D.R.I. May 23, 2007) (awarding $248,811.00 in attorneys' fees). The Court thus awards Petitioner $11,857.50 in attorney fees.

## II.    Expenses

As mentioned, ICARA entitles Petitioner to the "necessary expenses" that he incurred during these proceedings. 22 U.S.C. § 9007(b)(3). But the statute does not define "necessary expenses." Even so, ICARA says that these expenses include "court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child." *Id.* And ICARA's fee-shifting purpose—which is to "restore the applicant to the financial position he or she would have been in had there been no removal or retention, and [] to deter such [conduct]"— provides more guidance. *Wan v. Debolt*, No. 20-3233, 2021 WL 3510232, at *12 (C.D. Ill. Aug. 10, 2021) (citing *Hulsh v. Hulsh*, No. 19 C 7298, 2021 WL 963770, at *2 (N.D. Ill. Mar. 15, 2021)).

Petitioner groups his itemized expenses into two categories here—expenses paid through Rogers & Brackin and expenses that Petitioner paid directly—and seeks $3,613.66 in total. (ECF No. 19 at PageID 136.) The Court considers each category below.

**A.      Expenses Paid Through Rogers & Brackin and Private Detective Expenses**

Petitioner's proposed expenses paid through Rogers & Brackin total $1,912.66.  (*Id.*) This includes the filing fee for the Petition, payments for private detective services, parking at the airport and courthouse, and payments of the merchant fee for credit card payments to Rogers & Brackin.  (ECF No. 19-1 at PageID 140.)  Most of these are the types of "necessary expenses" that Petitioner is entitled to under ICARA.  *See* 22 U.S.C. § 9007(b)(3).  The Court finds, though, that payments of the merchant fee for credit card payments to Rogers & Brackin are not "necessary expenses."  Petitioner and his counsel voluntarily incurred those fees when they chose Petitioner's payment method.  The Court therefore reduces the expenses Petitioner paid through Rogers & Brackin by $488.10.  (*See* ECF No. 19-1 at PageID 140.)  As a result, the Court awards Petitioner $1,424.56 in expenses paid through Rogers & Brackin.

**B.      Expenses Paid Directly by Petitioner**

Petitioner also seeks to recover expenses that he paid out of pocket.  These costs cover travel and lodging from Petitioner picking up his child in Amman, Jordan, and returning with her to Israel.  (ECF No 19-5 at PageID 160.)  They also cover fees paid to a lawyer in Israel for a consultation on international child abduction and issuing a certified police report.  (*Id.*)  The Court notes that courts across the country have awarded similar travel expenses.  *See Rishmawy v. Vergara*, No. 4:21-CV-35, 2022 WL 22893118, at *11 (S.D. Ga. Mar. 8, 2022) (awarding airfare and hotel costs); *Neves v. Neves*, 637 F. Supp. 2d 322, 344 (W.D.N.C. 2009) (awarding expenses for airfare, cab fare, and lodging expenses); *Kufner v. Kufner*, No. C.A. 07-46S, 2007 WL 1521248, at *3 (D.R.I. May 23, 2007) (awarding $12,179.15 in travel and hotel costs); *Antunez–Fernandes v. Connors–Fernandes*, 259 F.Supp.2d 800, 816–817 (N.D. Iowa 2003) (awarding travel and hotel expenses, translation costs, filing fee and service costs).  So the Court

8

finds that these expenses were directly related to "transportation costs related to the return of the child." 22 U.S.C. § 9007(b)(3). The fees paid to an Israeli attorney are also "necessary expenses." *Id.* The Court therefore awards Petitioner $1,701 in out-of-pocket expenses.

## **CONCLUSION**

Petitioner is entitled to attorneys' fees, costs, and expenses. Just not in the full amount he proposed. As a result, the Court **GRANTS IN PART** Petitioner's Motion and **ORDERS** Respondent to pay Petitioner a total of $14,983.06. This payment includes attorneys' fees in the amount of $11,857.50 in attorneys' fees and $3,125.56 in expenses. Subject to any offset under the Treasury Offset Program, Respondent shall make this award payable to Petitioner's counsel and mail the payment to Petitioner's counsel.

**SO ORDERED**, this 1st day of April, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE